# MEMORANDA

# CASES NOT REPORTED IN FULL.

---

In the Matter of the Application of the ROCHESTER, HORNELLSVILLE AND LACKAWANNA RAILWAY COMPANY, Respondent, to Acquire Lands of FRANCIS G. BABCOCK and Others, and the NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellants.

*Application to acquire land for railroad purposes — power of the court to amend the petition — presumption as to the power of a construction company to subscribe to the stock of a railroad company.*

Appeal from an order of the Monroe Special Term, confirming the report of a referee and appointing commissioners of appraisal.

The petitioner is a railroad corporation, organized under the laws of the State, and seeks to acquire the land in question for the purpose of constructing its road. For that purpose it presented its petition to the court praying for the appointment of commissioners. The petition stated the names of the persons who own or have, or claim to own or have, estates or interests in the real estate sought to be acquired, but neglected to state the residence of such persons. When the matter was brought on for hearing at the Special Term, an order was made permitting the petitioner to amend its petition in this regard so as to state their places of residence.

The court at General Term said : " The persons so interested had appeared by attorneys upon the hearing, and this was doubtless sufficient to give the court jurisdiction, notwithstanding the defect in the petition, without an amendment; but the amendment was one which the court had the power to make, in its discretion, and the making of it did not tend to prejudice the rights of the appellants. (*In the Matter of the Prospect Park and Coney Island Railroad Company, etc.*, 67 N. Y., 371–378.)

" It is next claimed that the petitioner has not complied with all the prerequisites required by the statute in order to confer jurisdiction upon the court to appoint commissioners. The petitioner was duly incorporated as appears by the certified copy of the articles of association produced in evidence, signed by twenty-six persons who subscribed for the capital stock of the company to an amount aggregating thirty-two thousand three hundred dollars. The length of the petitioner's proposed road is fifteen miles four hundred feet.

" The Central Construction Company of New Jersey subscribed for seventeen hundred and seventy-six shares, aggregating one hundred and seventy-seven thousand and six hundred dollars, which, added to the sum subscribed by the incorporators, amounts to two hundred and nine thousand and nine hundred dollars. The statute requires that ten thousand dollars for each mile of the proposed road to be constructed shall be in good faith subscribed to the capital stock, and ten per cent thereof paid in. The road being but fifteen miles, four hundred feet in length, it will be observed that the capital stock subscribed for far exceeds the sum required, and that there has been a compliance with the statute in this regard ; but it is contended that the Central Construction Company of New Jersey had no power to subscribe for the stock ; that its subscription is *ultra vires* and void ; but a careful reading of the appeal book fails to disclose any evidence tending to support this contention. It does not clearly appear whether the Central Construction Company is a corporation or a copartnership, or what it is. It does appear that it is a company organized under the laws of New Jersey for the purpose of constructing railroads, and the treasurer testified that he was authorized to subscribe for the stock in question ; this, doubtless, made out a *prima facie* case, for in the absence of evidence to the contrary we cannot assume that it was not authorized to subscribe for, take and hold stock in a railroad company. (*The Union Hotel Company* v. *Hersee,* 79 N. Y., 454.)

" The case of *Milbank* v. *The New York, Lake Erie and Western Railroad Company* (64 How., 20), is not in conflict with this view, for in that case it was a competing railroad company organized under the railroad laws of this State that had purchased and acquired the stock in another railroad. In this case it was held that a railroad company was not authorized by its charter to purchase stock in

another company unless it acquire it in the payment of some debt or claim. But this has no application to a construction company, for, in many cases, these companies are paid in part for the work performed in constructing the railroad out of the capital stock. For aught that appears, this company may have been specially authorized and empowered to subscribe for stock in railroad corporations. At least we are of the opinion that the burthen of showing that it was not, was thrown upon the appellants." (*In re N. Y., L. E. and W. R. R. Co.*, 99 N. Y., 12.)

*James H. Stevens, Jr.*, for the New York, Lake Erie and Western Railroad Company, appellant.

*E. F. Babcock*, for the appellant, land owners.

*Frank S. Smith*, for the respondent.

Opinion by HAIGHT, J.; SMITH, P. J., and BRADLEY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.